IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARBARA M. BUSH      *
        Plaintiff
    v.      * CIVIL ACTION NO. AMD-07-2748

CAPTAIN TURNER      *
NORTHERN NECK REGIONAL JAIL
        Defendants      *
        ***

MEMORANDUM

On May 8, 2006, a two-count indictment charged plaintiff with mailing threatening communications in violation of 18 U.S.C. § 876(c). *See United States v. Bush*, Criminal No. L-06-0202 (D. Md.). The criminal docket reveals that plaintiff has twice received the appointment of CJA counsel, has been evaluated pursuant to a court-ordered psychiatric examination, and that the issue of providing plaintiff psychiatric medication is pending before the court.

In this civil rights action, plaintiff claims that she has been detained at the Northern Neck Regional Jail ("NNRJ") in Warsaw, Virginia, since September 20, 2007. She seeks $750,000.00 in damages from the NNRJ and NNRJ Captain Turner, claiming that NNRJ policy has been violated as her commissary privileges to purchase edible items has been canceled by Turner "due to....[her] being a diabetic." Paper No. 1. She alleges that her blood sugar is under control and she has not been informed by NNRJ medical personnel that her medical conditions warrant the suspension of her commissary privileges. *Id*. Plaintiff alleges that Captain Turner's actions constitute retaliation for her filing a grievance and are discriminatory.

Assuming, *arguendo*, that plaintiff's allegations state a claim that may be brought in federal court under 28 U.S.C. §1343, it is clear that this court lacks venue in this case. Pursuant to 28 U.S.C. § 1391(b), a civil action that is not founded solely only on "diversity of citizenship" may except as

otherwise provided by law be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. Defendants reside in Virginia. Further, all of the events giving rise to the alleged unconstitutional conduct occurred in Virginia.

The court therefore finds that venue is not proper in this district. In the interest of justice, this case shall be transferred to the United States District Court for the Eastern District of Virginia at Richmond, pursuant to 28 U.S.C. § 1406(a).

Date: October 31, 2007               /s/
                                     Andre M. Davis
                                     United States District Judge